**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ISMAEL H. PADILLA,<br>    *Plaintiff*,<br><br>   v.<br><br>GREG ABBOTT, CITY, TOWN, OR MUNICIPALITY OF DALLAS, TEXAS, TEXAS DIRECTOR OF PRISONS, TEXAS PAROLE, and TEXAS BOARD OF PARDONS AND PAROLES,<br>    *Defendants*,<br><br>   and<br><br>TEXAS BOARD OF PARDONS AND PAROLE, MUNICIPALITY OF DALLAS, TEXAS, and TEXAS PRISON PAROLE SYSTEM OR PRISON SYSTEM,<br>    *Defendants*,<br><br>   and<br><br>FIFTH CIRCUIT COURT OF APPEALS, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, and UNITED STATES SUPREME COURT,<br>    *Defendants*,<br><br>   and<br><br>DIRECTOR OF TEXAS PRISON SYSTEM, SENIOR WARDEN OF CONNALLY UNIT, DIRECTOR OF UNIVERSITY OF TEXAS MEDICAL BRANCH, and GREG ABBOTT,<br>    *Defendants*,<br><br>   and<br><br>TEXAS BOARD OF PARDONS AND PAROLE and GOVERNOR OF TEXAS,<br>    *Defendants*, | Nos.  3:19-cv-57 (VAB)<br>      3:19-cv-231 (VAB)<br>      3:19-cv-282 (VAB)<br>      3:19-cv-434 (VAB)<br>      3:19-cv-594 (VAB) |

**ORDER CONSOLIDATING CASES**

Ismael H. Padilla ("Plaintiff"), currently incarcerated by the State of Texas at the John B.

Connally Unit in Kenedy, Texas, has filed five lawsuits which are currently pending before this Court. *See* Complaint, No. 3:19-cv-57 (VAB), dated Jan. 10, 2019, ECF No. 1; Complaint, No. 3:19-cv-231 (VAB), dated Feb. 15, 2019, ECF No. 1; Complaint, No. 3:19-cv-282 (VAB), dated Feb. 25, 2019, ECF No. 1; Complaint, No. 3:19-cv-434 (VAB), dated Mar. 25, 2019, ECF No. 1; Complaint, No. 3:19-cv-594 (VAB), dated Apr. 22, 2019, ECF No. 1. In each of these cases, Mr. Padilla has sued public officials and entities in the state of Texas.

For the reasons explained below, the Court *sua sponte* **ORDERS** the consolidation of these cases—Nos. 3:19-cv-57 (VAB), 3:19-cv-231 (VAB), 3:19-cv-282 (VAB), No. 3:19-cv-434 (VAB), and 3:19-cv-594 (VAB)—for all purposes, and the Clerk of the Court is respectfully directed to docket any future filings under the docket number of the lead case only, 3:19-cv-57.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2019, Mr. Padilla sued Greg Abbott, the Governor of Texas, the mayor of Dallas, Texas, two Dallas County court judges, the director of the Texas Prison and Parole system, Texas Parole, and the Texas Board of Pardons and Paroles, under 42 U.S.C. § 1983. Complaint, No. 3:19-cv-57 (VAB), dated Jan. 10, 2019, ECF No. 1. Mr. Padilla alleges that he was wrongfully convicted in Texas, and seeks removal from the Texas prison system. *Id.* at 5.

On February 15, 2019, Mr. Padilla sued the Texas Board of Pardons and Paroles, the Municipality of Dallas, and the Texas Prison Parole System or Prison System, under 42 U.S.C. § 1983. Complaint, No. 3:19-cv-231 (VAB), dated Feb. 15, 2019, ECF No. 1. Mr. Padilla alleges, *inter alia*, that these defendants unlawfully revoked his parole in 2002 and re-incarcerated him in the Texas state prison system. *Id.* at 2.

On February 25, 2019, Mr. Padilla sued the United States Court of Appeals for the Fifth Circuit, the United States District Court for the Northern District of Texas and the United States

Supreme Court, under 42 U.S.C. § 1983. Complaint, No. 3:19-cv-282 (VAB), dated Feb. 25, 2019, ECF No. 1. Mr. Padilla alleges, *inter alia*, that these courts "illegally imposed 28 U.S.C. § 1915(g) after new evidences/new case law was introduced on appeals" and denied him due process. *Id.* at 3.

On March 25, 2019, Mr. Padilla sued the Director of Texas Prison System, Lorie Davis, Senior Warden of the Connally Unit, Mr. Givens, Director of the University of Texas Medical Branch Hospital, and the Governor of Texas, Greg Abbott, under 42 U.S.C. § 1983. Complaint, No. 3:19-cv-434 (VAB), dated Mar. 25, 2019, ECF No. 1. Mr. Padilla alleges, *inter alia*, that these defendants were deliberately indifferent to his medical needs. *Id.* at 7–9. He specifically alleges indifference to his medical needs after he sustained injuries to his left hip and spinal cord which he alleges have left him partially disabled, including denial of a wheelchair and back brace. *Id.*

On April 22, 2019, Mr. Padilla sued the Texas Board of Pardons and Paroles and the Governor of Texas, Greg Abbott, under 42 U.S.C. § 1983. Complaint, No. 3:19-cv-594 (VAB), dated Apr. 22, 2019, ECF No. 1. Mr. Padilla alleges, *inter alia*, that the Texas Board of Pardons and Paroles and Governor Abbott have conspired to deny his re-release on parole. *Id.* at 4.

Mr. Padilla has also moved for leave to proceed *in forma pauperis* in all five of these actions. *See* Motion for Leave to Proceed *In Forma Pauperis*, No. 3:19-cv-57 (VAB), dated Jan. 10, 2019, ECF No. 1; Motion for Leave to Proceed *In Forma Pauperis*, No. 3:19-cv-231 (VAB), dated Feb. 15, 2019, ECF No. 2; Motion for Leave to Proceed *In Forma Pauperis*, No. 3:19-cv-282 (VAB), dated Feb. 25, 2019, ECF No. 2; Motion for Leave to Proceed *In Forma Pauperis*, No. 3:19-cv-434 (VAB), dated Mar. 25, 2019, ECF No. 2; Motion for Leave to Proceed *In Forma Pauperis*, No. 3:19-cv-594 (VAB), dated Apr. 22, 2019, ECF No. 2.

## II.     STANDARD OF REVIEW

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). As the Supreme Court has recognized, "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases" under Federal Rule of Civil Procedure 42(a). *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (citation omitted). "A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

In weighing consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson*, 899 F.2d at 1285 (citation omitted). "The Rule should be prudently employed as a 'valuable and important tool of judicial administration,' invoked to 'expedite trial and eliminate unnecessary repetition and confusion.'" *Devlin*, 175 F.3d at 130 (citations omitted). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Id.* (citation omitted). "However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*.'" *Id.* (quoting *Consorti v. Armstrong World Ind.*, 72 F.3d 1003, 1006 (2d Cir. 1995)).

## III.     DISCUSSION

As Mr. Padilla has sued public officials and public entities from the State of Texas in all five lawsuits, all of these cases turn on a common legal issue: the appropriateness of the District of Connecticut as a venue under 28 U.S.C. § 1391. Because the resolution of this common legal

issue will avoid unnecessary cost or delay, eliminate unnecessary repetition and confusion, and promote the efficient administration of this Court's docket without sacrifice of justice, these five cases should be consolidated for all purposes under Federal Rule of Civil Procedure 42(a), while "retain[ing] their separate identities." *Hall*, 138 S. Ct. at 1131.

Accordingly, the Court will consolidate these cases.

## IV. CONCLUSION

For the reasons explained above, the Court *sua sponte* **ORDERS** the consolidation of these cases for all purposes, and the Clerk of the Court is respectfully directed to docket any future filings under the docket number of the lead case only, 3:19-cv-57 (VAB).

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of July, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE